Argued June 4, remanded with directions June 18, 1918.

# WATT *v.* REEVES.

(173 Pac. 463.)

**Trusts—Necessary Defendant.**

1. In an action to have a trust declared on a certain certificate of sale in a mortgage foreclosure on the ground of fraud of the attorney in obtaining from plaintiff's decedent an assignment of the mortgage, an assignee of the certificate is a necessary party defendant, who can be brought in under Section 41, L. O. L., providing that, when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in, although the certificate has not been recorded as required by Section 7131, providing that, if such assignments are not recorded, they shall be void as against subsequent purchasers in good faith.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

This is an appeal from a decree rendered in a suit instituted by one Charles L. Watt, now deceased, on the 11th of April, 1917, in which suit the plaintiff prayed for a decree, declaring a trust in his favor on a certificate of sale, issued by the sheriff of Marion County, Oregon, in a suit foreclosing a mortgage previously owned by the plaintiff, and assigned by him to the defendant, Rose Heywood. Plaintiff bases his grounds for relief on the fraudulent conduct of the defendant, F. H. Reeves, who acted as attorney or agent for plaintiff Watt in the matter of the assignment of the mortgage and the note thereby secured. A decree was rendered in favor of defendants. While the suit was pending, Charles L. Watt died and plaintiff Ella Watt, as executrix of the last will and testament of Charles L. Watt, was substituted as plaintiff. Plaintiff appeals. The facts which are the basis of the suit are claimed to be as follows:

On November 17, 1912, Charles L. Watt loaned to Mattie A. Parrish $1,500, taking a mortgage on a certain four-acre tract situated on Market Street, in the City of Salem as security therefor. The mortgage was regularly recorded in Marion County. Afterwards, the City of Salem improved Market Street and entered a lien against the mortgaged premises for the sum of $1,273.71, with interest at 6 per cent, from December 6, 1913.

In June, 1916, Charles L. Watt employed F. H. Reeves, an attorney and collector, to collect or sell the Parrish note. After making some effort to collect the note, Reeves reported to Watt that he had an offer of $500 for the mortgage and the note, and advised plaintiff to sell the same. Whereupon, plaintiff assigned said mortgage in blank, the defendant Reeves thereafter filling in the name of Rose Heywood, his sister-in-law. During these negotiations, Charles L. Watt was suffering from a disease, commonly known as softening of the brain, and at times when under strain or excitement, he was easily led and deceived in matters of business, and was incapable at such times of transacting any business. He died from the effects of this disease. The price paid by defendant Reeves to Watt for the assignment of the mortgage, was $500, less a commission of $25. Watt was never informed as to who the assignee of the mortgage was. On June 21, 1916, defendant F. H. Reeves procured from Mattie A. Parrish, a new note for the sum of $1,877.50, being the principal and interest on the Watt note, and a mortgage on the same property to secure the same, taken in the name of Rose Heywood which was duly recorded. Subsequently, defendant Reeves secured from Rose Heywood, an assignment of the note and mortgage to defendant R. R. Young, a sister of the

defendant F. H. Reeves, which assignment was regularly recorded. In October, 1916, defendant F. H. Reeves, as attorney, instituted a suit in the Circuit Court of Marion County, Oregon, in the name of R. R. Young as plaintiff, against Mattie A. Parrish, for a foreclosure of the $1,877.50 mortgage. November 4th of that year, a decree was entered, foreclosing the mortgage and on December 23d of the same year, the mortgaged premises were sold at sheriff's sale. The defendant F. H. Reeves at such sale purchased the property in the name of R. R. Young to whom a certificate of sale was issued by the sheriff. On April 17, 1917, after the commencement of the suit, an assignment of the certificate of sale issued to R. R. Young, assigning her interest therein to one George H. Renner, was recorded in Marion County.

It is alleged by the defendants that George H. Renner sold the note and mortgage to one Dan Reinohl, a resident of Canada, on or about the fourth day of April, 1917. Defendant Rose Heywood was married during the pendency of the suit, and thereafter she was proceeded against under the name of Rose Mineff.

The defendant F. H. Reeves, through the entire transaction, acted as attorney for both parties, if not in his individual interest, using the names of the several parties as a matter of convenience. It appears that prior to the commencement of the suit, the attorney for plaintiff tendered to Mr. Reeves, individually and as attorney for interested parties, payment of the $500, the amount paid plaintiff for the note and mortgage. At which time defendant Reeves informed the attorney for plaintiff that the certificate of purchase was owned by Dan Reinohl. Eva Reinohl, a relative of Dan Reinohl, testified that at his request she took possession of the land in question in October,

1916, and has been in possession thereof since that time.          REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. William H. Trindle, Mr. Walter C. Winslow* and *Mr. Ivan G. Martin,* with oral arguments by *Mr. Trindle* and *Mr. Winslow.*

For respondents there was a brief over the names of *Mr. Grant Corby, Mr. Samuel T. Richardson* and *Mr. F. H. Reeves,* with oral arguments by *Mr. Corby* and *Mr. Richardson.*

BEAN, J.—1. The assignment of the sheriff's certificate of sale to Dan Reinohl was not recorded, and he was not made a party to this suit. It appears from the record that a redemption has been made from the sheriff's sale, and the money therefor, is now in the hands of the county clerk. In order to adjudicate the rights of the plaintiff to the mortgage in question or the proceeds of the sale thereunder, as against the interest claimed by Dan Reinohl, it will be necessary to make him a party to the suit, and he should be brought in: Section 41, L. O. L.; *Hough* v. *Porter,* 51 Or. 318, 367 (95 Pac. 732, 98 Pac. 1083, 102 Pac. 728); *Hawkenson* v. *Rostad,* 86 Or. 704 (169 Pac. 350).

Section 7131, L. O. L., provides for the recording of assignments of sheriff's certificate of sale of real property on mortgage foreclosure, and that if such assignment is not recorded as provided the same shall be void as against any subsequent purchaser in good faith, and for a valuable consideration of such certificate of sale, or the real property covered thereby, whose assignment shall be first duly recorded.

Plaintiff in this case is not claiming as a subsequent purchaser. In order that the rights of the parties

may be fully determined in this suit, the cause will be remanded to the Circuit Court with directions to plaintiff to make Dan Reinohl a party to the suit, and for such proceedings as may be necessary to determine his right and interest in the mortgage and note, or the moneys received upon the sale thereunder, now in the hands of the county clerk. The costs herein to await the final determination of the suit.

REMANDED WITH DIRECTIONS.

McBRIDE, C. J., MOORE and JOHNS, JJ., concur.